IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re the Matter of the Involuntary Treatment of | ) ) ) ) ) | No. 33612-3-III |
| | ) | UNPUBLISHED OPINION |
| J.E.H. | ) ) | |

FEARING, C.J. — Joshua Henry appeals a trial court ruling ordering his involuntary confinement for one hundred eighty days for schizophrenia treatment. Joshua Henry is a fictitious name. Henry contends the trial court lacked sufficient evidence to commit him for involuntary treatment. Because clear, cogent, and convincing evidence supports the superior court's findings of fact and the findings support the conclusions of law, we affirm the trial court's order.

FACTS

One September 2014 night, Joshua Henry broke a window and entered a commercial building in Walla Walla. Witnesses called police, who arrived and found

Henry locked in a back room. Henry told the officers that he owned the building and that they trespassed on his property. Further investigation revealed that the Tucker Living Trust, not Joshua Henry, owned the building.

The State of Washington charged Joshua Henry with second degree burglary and two misdemeanors. In March 2015, the Walla Walla County Superior Court ordered a stay of proceedings pending Henry's stay in Eastern State Hospital for a forty-five day mental health evaluation. After evaluating Henry, Eastern State Hospital psychologist Randall Strandquist diagnosed Henry with schizophrenia and concluded that Henry did not possess the capacity to understand legal proceedings against him. Dr. Strandquist reported his findings to the Walla Walla County Superior Court and recommended that Henry be evaluated for civil commitment. On May 13, 2015, the Walla Walla County Superior Court dismissed the charges against Henry without prejudice pursuant to refile pursuant to RCW 10.77.086(4).

PROCEDURE

In late May 2015, Randall Strandquist and psychiatrist Lawrence Martin filed, in Spokane County Superior Court, a petition and supporting affidavits to detain Joshua Henry for one hundred and eighty days of involuntary treatment. The petition alleged that Henry required hospitalization because, due to his mental disorder, he presented a substantial likelihood of repeating similar criminal acts if released into the community without treatment.

2

No. 33612-3-III
*In re Involuntary Treatment of J.E.H.*

At a June 2015 hearing on the petition for involuntary confinement, Lawrence Martin testified that Joshua Henry possesses grandiose delusions, including a belief that he is a Korean War hero who served from 1996 to 1998, that he rescued a wounded soldier in mid-air by jumping from a helicopter attached to a bungee cord and catching the falling soldier in his arms, that he suffers from extensive war wounds, and that he is an Indian chief called Chief Wooky Wooky. Historians will note that the Korean War occurred between 1950 and 1953. Dr. Martin also testified that Joshua Henry denies suffering anything more than posttraumatic stress disorder, continues to believe he owns the building he unlawfully entered, will not take medication, and will not seek needed treatment if released from Eastern State Hospital. During the hearing, Henry testified he suffers from no mental illness. Therefore, he refuses to take medication or seek treatment. Henry explained that he inherited the Walla Walla commercial building from Henry Ford III and that he also owns a Wells Fargo Bank.

The Spokane County Superior Court commissioner granted the petition for involuntary treatment. In findings of fact and conclusions of law entered, the court incorporated the allegations of the parties and the supporting affidavits of the medical professionals. The court found a substantial likelihood that Joshua Henry, because of a mental disorder, would repeat acts similar to those crimes that the Walla Walla County Superior Court dismissed. Accordingly, the court ordered Henry to submit to one hundred and eighty days of involuntary treatment.

3

Joshua Henry appealed the order of involuntary treatment. He has since completed the one hundred and eighty days of treatment. We, nonetheless, entertain Henry's appeal because the order of confinement and treatment holds collateral consequences for future commitment determinations. *In re Det. of M.K.*, 168 Wn. App. 621, 625-26, 279 P.3d 897 (2012).

## ANALYSIS

Joshua Henry contends the evidence does not support the trial court's conclusion that he needed one hundred and eighty days of involuntary treatment. When, as here, the trial court weighed the evidence, we limit our review to determining whether substantial evidence supports the findings and whether those findings support the trial court's conclusions of law. *In re Det. of LaBelle*, 107 Wn.2d 196, 209, 728 P.2d 138 (1986); *In re Det. of A.S.*, 91 Wn. App. 146, 162, 955 P.2d 836 (1998).

When the superior court rules that a felony defendant is incompetent to stand trial and dismisses the felony charges, the professional in charge of a treatment facility may file a petition for one hundred and eighty days of treatment under RCW 71.05.280(3). RCW 71.05.290(3). The petition must present clear, cogent, and convincing evidence that, as a result of a mental disorder, the person "presents a substantial likelihood of repeating similar acts" if released without further treatment. RCW 71.05.310; RCW 71.05.280(3).

4

Joshua Henry contends the trial court resorted to speculation and conjecture in finding that he needed mental health services. He contends the trial court failed to articulate any facts to support its finding, which he labels a conclusion of law, that he possesses a mental disability that renders him substantially likely to repeat acts similar to second degree burglary.

The trial court's findings of fact, conclusions of law, and order are contained in a form document with handwritten notations relevant to Joshua Henry's case. Although the document lacks detailed findings of fact, it incorporates the affidavits of the medical professionals as findings. These affidavits and Henry's testimony at the hearing establish that Henry suffers from chronic schizophrenia, denies he has a mental disorder, will not take medications or seek treatment if released, and continues to believe he owns property he entered illegally. This evidence clearly, cogently, and convincingly supports the trial court's finding that Henry has a mental disorder that carries a substantial likelihood he will repeat similar criminal acts. In turn, the finding supports the conclusion that involuntary treatment is justified under RCW 71.05.280(3).

## CONCLUSION

Based on overwhelming evidence, the trial court found that Joshua Henry possessed a mental disorder and that Henry was substantially likely to repeat acts similar to second degree burglary if released without treatment. Accordingly, we affirm the order of commitment for one hundred and eighty days of mental health treatment.

5

No. 33612-3-III
*In re Involuntary Treatment of J.E.H.*

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Fearing, C.J.

WE CONCUR:

Korsmo, J.

Siddoway, J.

6